UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| THE EXTRADITION OF ) | Mag. No. 20-15012 |
| ) | |
| PARTHASARATHI KAPOOR ) | |
|   a/k/a "Parthasarthie Kapoor," ) | |
|   a/k/a "Perth De," ) | |

CERTIFICATION OF EXTRADITABILITY AND
ORDER OF COMMITMENT

    The Court has received the Complaint and arrest warrant filed on February 5, 2003, in United States District Court for the District of Columbia pursuant to the request of the Government of Canada, for provisional arrest and extradition of Parthasarathi Kapoor, a/k/a "Parthasarthie Kapoor," a/k/a "Perth De" ("Kapoor").  The Government of Canada, subsequent to that date, made a formal request for the extradition of Kapoor.  The Court has also received an affidavit executed by Kapoor and witnessed by his attorney.

    On May 26, 2022, Kapoor appeared before the Court in open session, accompanied by his attorney, and in the presence of Kendall Randolph, Assistant United States Attorney for the District of New Jersey.  The Court addressed Kapoor and is satisfied that he is aware of his rights as set forth in the affidavit of consent to extradition and that the affidavit was executed knowingly and voluntarily.

    Inasmuch as Kapoor has conceded that he is extraditable on the charges for which extradition was requested, and has consented to a certification by

this Court to that effect, and has further consented to remain in the custody of the United States Marshal pending arrival of duly authorized representatives of the Government of Canada to effect his transfer to Canada, the Court finds on the basis of the record herein and the representations of Kapoor and counsel that:

1. The undersigned judicial officer is authorized under 18 U.S.C. § 3184, to conduct an extradition hearing;

2. The Court has personal jurisdiction over Kapoor and subject matter jurisdiction over the case;

3. There is currently in force an extradition treaty between the Government of the United States and the Government of Canada;[1]

4. Kapoor has been charged in Canada with (i) sexual interference, contrary to Section 151 of the Canadian Criminal Code (Counts 1, 3, 11, and 15), (ii) invitation to sexual touching, contrary to Section 152 of the Canadian Criminal Code (Counts 4 and 16); (iii) sexual assault, contrary to sections 265(1) and 271(1)(a) of the Canadian Criminal Code (Counts 2, 6, 12, and 17); (iv) sexual exploitation, contrary to Section 153(1)(b) of the Canadian Criminal Code (Count 5); (v) assault, contrary to Section 266(a) of the Canadian Criminal Code (Count 7); (vi) obtaining, for consideration, sexual service of a person under 18 years old, contrary to Section 212(4) of the Canadian Criminal Code (Count 8);

---

[1] Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983 (the "1971 Treaty"), *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990) (the "1998 Protocol") *and* the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (the "2001 Protocol"; collectively, the "Treaty").

(vii) making child pornography, contrary to Section 163.1(2)(a) of the Canadian Criminal Code (Count 9); and (ix) possession of child pornography, contrary to Section 163.1(4)(a) of the Canadian Criminal Code (Count 10);

5. These charges constitute extraditable offenses within the meaning of Article 2 of the Treaty;

6. Canada seeks the extradition of Kapoor to be held for trial or other disposition; and

7. Kapoor has stipulated that there is probable cause to believe that he committed the offenses for which extradition is sought.

Based on the foregoing, the Court concludes that Kapoor is extraditable for each offense for which extradition was requested, and certifies this finding to the Secretary of State as required under 18 U.S.C. § 3184.

IT IS THEREFORE ORDERED that the Clerk of the Court deliver to the Assistant United Sates Attorney a certified copy of this Certification of Extraditability and the executed Affidavit of Consent to Extradition and, further, that the Clerk forward certified copies of the same to the Secretary of State (to the attention of the Legal Adviser) and the Director, Office of International Affairs, Criminal Division, U.S. Department of Justice, in Washington, D.C., for the appropriate disposition.

IT IS FURTHER ORDERED that Kapoor be committed to the custody of the United States Marshal pending final disposition of this matter by the Secretary of State and arrival of duly authorized representatives of Canada, at which time Kapoor will be transferred to the custody of such authorized

representatives of Canada at such time and place as mutually agreed upon by the United States Marshal and the duly authorized representatives of the Government of Canada to be transported to Canada.

SO ORDERED.

Dated this <u>*26th*</u> day of May, 2022.

                                                     */s/ Edward S. Kiel*
                                                     EDWARD S. KIEL
                                                     United States Magistrate Judge
                                                     District of New Jersey